Paul W. Garrity
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
pgarrity@sheppardmullin.com

*Attorneys for Defendant Target Corporation*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO SOLANA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION,<br><br>Defendant. | Civil Action No. 1:25-cv-298<br><br>**NOTICE OF REMOVAL** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK AND TO PLAINTIFF:**

Defendant Target Corporation ("Target"), by and through its undersigned counsel Sheppard, Mullin, Richter and Hampton LLP, and subject to all of their defenses, including any and all Rule 12 defenses, hereby provides notice of the removal to the United States District Court for the Eastern District of New York, of the following class action lawsuit filed on September 12, 2024 in the Supreme Court of the State of New York, Kings County: *Gerardo Solana, individually and on behalf of all others similarly situated v. Target Corporation*, Index No. 524780/2024 (hereinafter the "State Court Action").

The following is a short, plain statement of the grounds for removal and a listing of the pleadings to date pursuant to 28 U.S.C. §§ 1446(a).

## DESCRIPTION OF THE ACTION

1.  Plaintiff Gerardo Solana, individually and on behalf of all others similarly situated ("Plaintiff"), commenced the State Court Action upon the filing of a Summons and Complaint dated September 9, 2024 (the "Complaint"), against Target in the Supreme Court of the State of New York, Kings County.  The Complaint alleges a cause of action for unfair and deceptive practices in violation of the New York General Business Law and fraud relating to the packaging and labeling of Target's lidocaine pain-relief patches (the "Product").  The Complaint does not specify the amount of damages, but seeks an award of monetary damages and interest, and attorney's fees, costs and expenses.

2.  Copies of all documents on file in the state court action, *i.e.*, the Summons, Complaint, and Affidavit of Service, are attached hereto as Exhibit A.

## BASIS FOR REMOVAL

3.  Target seeks to remove the State Court Action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), on the basis, *inter alia*, that this is a putative class action with more than one hundred (100) putative class members that are seeking to recover in excess of the jurisdictional amount of five million dollars ($5,000,000.00) and there is diversity of citizenship.  In the alternative, Target seeks to base removal on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

4.  A class action filed in state court is removable pursuant to CAFA. 28 U.S.C. § 1453(b); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 166 (2014).

5.  The allegations in the Complaint give rise to jurisdiction under CAFA.

6.  Plaintiff seeks to represent the class of all persons in New York who purchased the Product at a Target store in New York during the statutes of limitations for each of the causes

of action alleged: violations of General Business Law ("GBL") Sections 349 and 350 (three year statute of limitation) and fraud (six year statute of limitation).

7. Target is a general merchandise retailer. Plaintiff alleges that Target operates over 100 Target stores in New York. *See* Exhibit A, Complaint ¶ 47.

8. Target's publicly-filed documents with the SEC identify that Target had sales of over $105 billion dollars in 2023. *See* https://www.sec.gov/Archives/edgar/data/27419/000002741924000124/a2023annualreport-arsxtrgt.pdf.

9. Plaintiff alleges that Target enjoys broad consumer appreciation for the Target brand. *See* Exhibit A, Complaint ¶ 54.

10. Plaintiff alleges that he, and the putative class that he seeks to represent, have suffered damages as a result of Target's alleged violations of General Business Law ("GBL") Sections 349 and 350. GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law §349. GBL § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law §350.

11. GBL §§ 349 and 350 allow for the greater of actual damages or statutory damages. Section 349(h) provides that "any person who has been injured by reason of any violation of this section may bring . . . an action to recover his actual damages or fifty dollars, whichever is greater." N.Y. Gen. Bus. Law §349(h). Section 350-e similarly states that "[a]ny person who has been injured by reason of any violation of [this section] may bring . . . an action to recover his or her actual damages or five hundred dollars, whichever is greater." *Id*. § 350-e.

12. Plaintiff among his allegations claims that the Product is "misbranded." *See* Exhibit A, Complaint ¶ 8.

13. Plaintiff alleges the Product is mislabeled in a manner which is contrary to statutes and/or regulations which prohibit consumer deception by companies in the labeling of OTC products. *See* Exhibit A, Complaint ¶ 91.

14. Target thus is facing claims challenging the entire labeling of the Product, which, if proven, would require that all labeling for the Product be removed from the marketplace and modified.

15. CAFA confers original federal jurisdiction over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states. 28 U.S.C. § 1332(d)(2).

16. The State Court Action plausibly alleges a class with 100 or more members.

17. The amount in controversy here, which entails both statutory damages of up to $550 per unit of Product and the costs to recall and relabel the Product, plausibly exceeds $5,000,000.

18. Plaintiff and the putative class and Target are citizens of different states.

19. Alternatively, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

20. Plaintiff pleads that he is "a citizen of Kings County, New York." *See* Exhibit A, Complaint ¶ 45. Upon information and belief, Plaintiff is a citizen of New York because he is domiciled in New York.

21. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state by which it has been incorporated and the state where it has its principal place of business. Target is incorporated under the laws of Minnesota, and has its principal place of business in Minnesota.

22. The Complaint does not identify the amount in controversy and instead identifies the various categories of damages sought, which Plaintiff alleges to include "payment of a price premium for the Product." *See* Exhibit A, Complaint ¶ 97.

23. Notwithstanding Plaintiff's failure to specify the specific amount in controversy, the allegations in the Complaint demonstrate that there is a "reasonable probability" that the $75,000 threshold is met and exceeded. *See Palmer v. Schindler Elevator Corp.*, No. 17-CV-3619, 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017); *see also Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (noting that a notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold).

24. As set forth *supra*, Plaintiff and the putative class allege that Target sold the Product in over 100 Target stores in New York over a three-year period and are seeking, *inter alia*, $550 per unit of the Product.

25. Thus, the amount in controversy plausibly exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

## THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

26. Based on the foregoing, the State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

27. This Notice of Removal is timely because it is filed within thirty (30) days of when Target was served with the Complaint in the State Court Action on December 17, 2024. *See* 28 U.S.C. § 1446(b).

28.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1446 because the State Court Action is pending within the Supreme Court of the State of New York, Kings County.

29.     In accordance with the requirements of 28 U.S.C. § 1446(a), Target states that only the Summons and Complaint have been served upon it in the State Court Action as of the date of the filing of this Notice of Removal.

30.     Target will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal within the Supreme Court of the State of New York, Kings County as further required by that section.

31.     The undersigned counsel for Target has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## **REQUESTED RELIEF**

For all reasons set forth above, without waiving any defenses to the claims asserted by Plaintiff, including personal jurisdiction, Target respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated: New York, New York
January 16, 2025

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:   /s/ Paul W. Garrity
         Paul W. Garrity

30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:   (212) 653-8701
pgarrity@sheppardmullin.com

*Attorneys for Defendant Target Corporation*