UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GERARDO SOLANA, *individually and on behalf of all others similarly situated*,

                Plaintiff,

     v.

TARGET CORPORATION,

                Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-298 (RPK) (JRC)

RACHEL P. KOVNER, United States District Judge:

Plaintiff Gerardo Solana moves to remand this action to New York Supreme Court, Kings County, pursuant to 28 U.S.C. § 1447(c). He asserts that removal was improper because this Court lacks diversity jurisdiction under 28 U.S.C. § 1332. For the reasons that follow, plaintiff's motion to remand is granted.

## BACKGROUND

Plaintiff filed this putative class-action suit in New York Supreme Court, Kings County, alleging that defendant sells misbranded and misleading pain-relief patches. He brings claims for violations of the New York General Business Law ("GBL") and common-law fraud. *See* Compl. (Dkt. #1-1). Defendant removed the case to federal court under 28 U.S.C. §§ 1441 and 1446, asserting that the district court had original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a putative class action with minimal diversity and more than one hundred putative class members seeking to recover over five million dollars. *See* Notice of Removal 2–4 (Dkt. #1).

1

Plaintiff has moved to remand the case to state court, claiming that the amount in controversy does not plausibly exceed five million dollars and that no other basis for subject-matter jurisdiction exists. *See* Mot. to Remand (Dkt. #12). In response, defendant argues that jurisdiction exists under CAFA because the amount in controversy includes statutory damages, satisfying the five-million-dollar threshold. *See* Resp. to Mot. to Remand (Dkt. #16).

## STANDARD OF REVIEW

On a motion to remand for lack of subject-matter jurisdiction, the "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) (applying this rule to removal under CAFA). To establish jurisdiction under CAFA, the defendant "must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." *Blockbuster, Inc.*, 472 F.3d at 58 (citation omitted). The court may consider materials outside the pleadings, including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis," since remand places subject-matter jurisdiction at stake. *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (collecting cases).

## DISCUSSION

Plaintiff's motion to remand is granted. Because the amount in controversy does not include statutory damages, defendant has not met its burden to establish subject-matter jurisdiction.

The amount in controversy is calculated at the time of filing in state court. Under the time-of-filing rule, "subject-matter jurisdiction 'depends on the state of things at the time of the action brought.'" *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007) (quoting *Mullan v.*

*Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)).  This rule applies to "facts on the ground" that are "relevant to jurisdiction," as opposed to "the claims and parties that the plaintiff includes in a complaint."  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 36 n.5 (2025).  The alleged amount-in-controversy "more concerns a fact on the ground—that is, the value of a suit—than it does the plaintiff's selection of claims and parties," making the amount in controversy "a factual issue relevant to jurisdiction only at the suit's outset."  *Id.* at 38 n.8.  So a plaintiff's "original claim in the state court . . . fixes the right of the defendant to remove."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).  In other words, the relevant time for determining the amount in controversy is "only at the suit's outset."  *Royal Canin U.S.A., Inc.*, 604 U.S. at 38 n.8.

At the time plaintiff filed this suit, the amount in controversy did not exceed the five-million-dollar threshold required for jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d).  Plaintiff did not and could not seek statutory damages in state court.  *See* Compl. (not requesting statutory damages); *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 502 (E.D.N.Y. 2017) (noting that statutory damages would be "available on a class basis in federal court" but that under New York law, "they would be barred by [New York Civil Practice Law and Rules] section 901(b) if the same action were to proceed in state court").  The amount in controversy thus does not include statutory damages.  And as defendant does not dispute, without statutory damages, plaintiff's claims do not exceed the five million dollars required for jurisdiction under CAFA.  *See* Resp. to Mot. to Remand.

That plaintiff's counsel has filed similar lawsuits involving statutory damages in federal court does not change the analysis.  Plaintiff is the "master of the complaint[] and therefore controls much about h[is] suit."  *Royal Canin*, 604 U.S. at 35 (citation and quotation marks omitted).  In crafting his complaint, a plaintiff "can establish—or not—the basis for a federal court's subject-

3

matter jurisdiction." *Ibid.* "If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury*, 303 U.S. at 294. So here. Though plaintiff could have sought statutory damages in federal court, he chose to sue in state court without seeking statutory damages, and defendant accordingly cannot remove.

Contrary to defendant's arguments, *Shady Grove Orthopedics, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), does not counsel a contrary result. In that case, the plaintiff filed a class action seeking statutory damages in federal court. *Id.* at 397. Consistent with the time-of-filing rule, the Court in *Shady Grove* addressed whether statutory damages were available in federal court, where the suit was filed. *Ibid.* It concluded that federal Rule of Civil Procedure 23 dictates that such damages are available in federal court, notwithstanding the provision of state law that prohibits their recovery in class actions in state court. *Id.* at 399–400. But here, plaintiff filed suit in state court, so the relevant inquiry is whether statutory damages apply in state court. And as both parties agree, state law precludes a class action to recover statutory damages in state court. Another court in this circuit reached the same conclusion on analogous facts, holding that because the "class action law suit was filed in state court under New York law, . . . [statutory] damages may not be included in the calculation of the amount in controversy." *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *3 (W.D.N.Y. July 11, 2011); *see id.* at *4–5 ("Defendants' assertion that *Shady Grove* applies not only to claims filed in federal court but also to those removed from state court is unsupported. . . . Because this case was filed in state court, it takes a different course than *Shady Grove*.").

Similarly inapposite are cases—invoked by defendant—holding that "federal procedural rules govern a case that has been removed to federal court." Resp. to Mot. to Remand 6 (quoting

4

*Smith v. Bayer Corp.*, 564 U.S. 299, 304 n.2 (2011)). Those cases address the rules that govern a case that is properly removed; they do not displace the cases establishing that the amount in controversy is determined at the lawsuit's outset, before removal. *See* pp 2–3, *supra.*

Defendant identifies a single case that took its preferred approach to the amount-in-controversy question presented here, but that case has little persuasive power. As defendant observes, the district court in *Andersen v. Walmart Stores, Inc.*, No. 16-CV-6488 (CJS), 2017 WL 661188 (W.D.N.Y. Feb. 17, 2017), determined that CAFA's $5 million threshold was satisfied in proposed class action lawsuit by aggregating statutory damages authorized under New York GBL. *See id.* at *6. But that court did not discuss, and does not appear to have considered, whether the amount in controversy was properly determined when the plaintiff's lawsuit was filed in state court or upon its removal to federal court. That is unsurprising, because the parties in *Andersen* did not brief that question, and they did not call the court's attention to the fact that statutory damages would have been unavailable for plaintiff's class claim in state court. Because *Anderson* did not did not address an argument that statutory penalties were unavailable in state court or that the amount in controversy should be calculated at the time the suit was filed, it is of limited value in deciding the question presented here.

Defendant has not adequately developed any other argument that remand is proper. While defendant asserted in its Notice of Removal that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a), *see* Notice of Removal 2, in response to plaintiff's argument that the Court lacks jurisdiction under Section 1332(a), *see* Mot. to Remand 3, defendant states that "[t]he Court need not reach the issue" but that defendant's position is "certainly plausible," Resp. to Mot. to Remand 16–17. "A vague sentence fragment that notes an issue without advancing an argument relating to that issue is ordinarily not sufficient to preserve an argument," *Tripathy v. McKoy*, 103 F.4th

5

106, 118–119 (2d Cir. 2024) (citation omitted), and defendant's failure to substantively raise Section 1332(a) in response to plaintiff's motion "waive[s] this argument." *In re Kingate Mgmt. Ltd. Litig.*, 746 F. App'x 40, 43 (2d Cir. 2018).

Because defendant has not established that the amount in controversy meets the threshold for diversity jurisdiction, the action must be remanded to state court. *See Montefiore*, 642 F.3d at 327.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is granted.

SO ORDERED.

                                            /s/ Rachel Kovner
                                          RACHEL P. KOVNER
                                          United States District Judge

Dated: September 30, 2025
       Brooklyn, New York